# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DUSHUN C. SANDERS,<br><br>       Plaintiff,<br>v.<br><br>CALEB ZITEK, C.O. COREY<br>BREMBERGER, JAMES HURST,<br>TRISTAN RETZLAFF, JAY<br>VANLANEN, ALEJANDRA MEJIA,<br>and JOHN KIND,<br><br>       Defendants. | Case No. 20-CV-345-JPS<br><br><br>**ORDER** |

  Plaintiff Dushun C. Sanders, an inmate confined at Green Bay Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (Docket #1). This order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.  MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

  The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

  On June 8, 2020, the Court ordered that Plaintiff could use release account funds to pay his initial partial filing fee of $1.27. (Docket #13).

Plaintiff paid that fee on June 19, 2020. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2). He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that on May 6, 2019 and May 14, 2019, while he was incarcerated at Green Bay Correctional Institution ("GBCI"), Plaintiff was forced to choose between taking his medication and maintaining his fast during Ramadan. (Docket #1 at 2). Specifically, on May 6, 2019, Defendants Officer Caleb Zitek ("Zitek") and Officer Corey Bremberger ("Bremberger") came to give Plaintiff his medication at 7:19 p.m. (*Id.*) Plaintiff told them that he could not take his medication before sunset at 8:03 p.m. because he was fasting for Ramadan. (*Id.*) During Ramadan, Plaintiff cannot consume anything during the daylight hours. (*Id.*) Plaintiff showed Zitek and Bremberger his Ramadan paper that included the time of sunset for each day. (*Id.*) Zitek and Bremberger told Plaintiff that his fast should not stop him from taking his medication. (*Id.*) Plaintiff asked Zitek and Bremberger if they could come back with his medication after 8:03 p.m. (sunset). (*Id.*) Zitek told Plaintiff that he had to take his medication now or not at all. (*Id.*) Plaintiff took his medication and was forced to break his fast by Zitek and Bremberger. (*Id.*)

The same type of incident happened again on May 14, 2019. (*Id.* at 3). Zitek and Defendant Officer James Hurst ("Hurst") came to give Plaintiff his medication at 7:37 p.m. before sunset at 8:13 p.m. (*Id.*) Plaintiff told Zitek and Hurst that he could not take the medication before sunset without breaking his fast. (*Id.*) Zitek and Hurst told Plaintiff that he could have his medication now or not at all. (*Id.*) Plaintiff took his medication and broke his fast because of Zitek and Hurst.

Plaintiff wrote an incident report after each time he was forced to take his medication before sunset. (*Id.*) Plaintiff's inmate complaint reports indicated that Defendant Alejandra Mejia ("Mejia") would address the issue. (*Id.* at 4). Plaintiff also wrote to Defendants Jay VanLanen ("VanLanen") and John Kind ("Kind") about allowing those inmates fasting for Ramadan to take their medication after sunset. (*Id.* at 3–4.)

### 2.3 Analysis

Plaintiff's allegations invoke two related protections for religious beliefs. The first is the Free Exercise Clause of the First Amendment, which forbids prison officials from imposing a substantial burden on the free exercise of religion, unless the burden is reasonably related to a legitimate penological interest. *Kaufamn v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). In determining whether prison officials' asserted justification for a burden is reasonably related to a legitimate penological objective, courts consider whether there are alternative means of exercising the right that remain open to the inmate, the impact an accommodation of the asserted right would have on guards and other inmates, and whether there are "obvious alternatives" to the restriction. *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009).

Page 4 of 8
Case 2:20-cv-00345-JPS   Filed 11/20/20   Page 4 of 8   Document 15

The second protection is in the form of a statute, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a). The RLUIPA offers broader protections than the First Amendment. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). It applies to state and local governments and to those acting under color of state law. *See* 42 U.S.C. § 2000cc-5(4). The RLUIPA prohibits the imposition of a substantial burden on an inmate's religious exercise unless the burden furthers a "compelling" government interest and it is the "least restrictive" means of doing so. 42 U.S.C. § 2000cc-1(a). However, unlike the First Amendment, the RLUIPA only provides for prospective injunctive relief. *West v. Grams*, 607 F. App'x 561, 566 (7th Cir. 2015).

In light of the lenient standard of review applied at the screening stage, the Court finds that Plaintiff's allegations support claims under both the First Amendment and the RLUIPA. Plaintiff plainly states that his religious exercise, fasting during Ramadan, was burdened by Zitek, Bremberger, and Hurst's actions of making Plaintiff choose to take medication before sunset and break his fast or not take his medication at all. Additionally, Plaintiff seeks both monetary and injunctive relief.

However, Plaintiff has not stated a claim against Defendants VanLanen, Mejia, Kind, and Tristian Retzlaff ("Retzlaff"). Individual liability under § 1983 "requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (quoting *Minix v. Canarecci*, 597 F.3d 823, 833 (7th Cir. 2010)). Plaintiff does not offer any factual allegations regarding VanLanen, Mejia, Kind, and Retzlaff's involvement in making him choose between breaking his Ramadan fast or going without his medication. Thus, VanLanen, Mejia, Kind, and Retzlaff will be dismissed.

Page 5 of 8
Case 2:20-cv-00345-JPS   Filed 11/20/20   Page 5 of 8   Document 15

3. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One**: Forcing Plaintiff to break his Ramadan fast or go without his medication, in violation of his rights under the Free Exercise Clause of the First Amendment, by Zitek, Bremberger, and Hurst, wherein Plaintiff seeks monetary damages; and

**Claim Two**: Forcing Plaintiff to break his Ramadan fast or go without his medication, in violation of his rights under the Religious Land Use and Institutionalized Persons Act, by Zitek, Bremberger, and Hurst, wherein Plaintiff seeks injunctive relief.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Jay VanLanen, Alejandra Mejia, John Kind, and Tristian Retzlaff be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants Caleb Zitek, C.O. Corey Bremberger, and James Hurst;

**IT IS FURTHER ORDERED** that under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $348.73 balance

of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge